FORTY-TWO BROADWAY CO. v. ANDERSON, Internal Revenue Collector.

(District Court, S. D. New York. December 3, 1913.)

No. 487.

1. INTERNAL REVENUE (§ 9*)—CORPORATION TAX ACT—CONSTRUCTION—"NET INCOME"—INTEREST ON BONDED INDEBTEDNESS.

Corporation Tax Act Aug. 5, 1909, c. 6, § 38, 36 Stat. 112 (U. S. Comp. St. Supp. 1911, p. 946), imposes a tax on the net income of corporations, and paragraph 2 declares that such net income shall be ascertained by deducting from the gross income all necessary expenses actually paid within the year out of the income in the business, including all charges, such as rentals or franchise payments required as a condition to the continued use of the property, and (3) interest actually paid within the year on bonded or other indebtedness not exceeding the paid-up capital stock of the corporation outstanding at the close of the year. Complainant was a realty corporation organized to build and rent a building in the city of New York. It had a paid-up capital of $600 and a bonded indebtedness of $4,750,000 secured by mortgage, and during the year for which it was sought to be taxed it had no net income after deducting the interest on its bonded indebtedness from its gross income. Held, that subdivisions 2 and 3 should be construed together, and that the corporation was entitled to deduct interest paid on its bonded indebtedness in determining its taxability.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. § 9.*

For other definitions, see Words and Phrases, vol. 5, pp. 4779, 4780.]

2. TAXATION (§ 58*)—STATUTES—CONSTRUCTION.

Statutes imposing taxes are to be strictly construed against the government and liberally construed in favor of the taxpayer.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 134, 135; Dec. Dig. § 58.*]

In Equity. Suit by the Forty-Two Broadway Company against Charles W. Anderson, Collector of Internal Revenue of the United States of America for the Second District of New York. Decree for complainant.

Baldwin & Hutchins, of New York City, for plaintiff.

H. Snowden Marshall, U. S. Atty., and Addison S. Pratt, Asst. U. S. Atty., both of New York City, for defendant.

HOLT, District Judge. [1] This suit is brought to recover the amount of a tax paid under protest, imposed under section 38 of the Act of August 5, 1909, c. 6, 36 Stat. 112 (U. S. Comp. St. Supp. 1911, p. 946), imposing a special excise tax on the income of corporations. The plaintiff, the Forty-Two Broadway Company, is a corporation of the class commonly known as realty corporations, organized for the purpose of building and renting a building in the city of New York. Its paid-in capital is $600, and its bonded indebtedness is $4,750,000, secured by mortgages upon its real estate. Its property consists of the premises and the building on them at 42 Broadway, New York City. The land was purchased and the building constructed substantially upon borrowed money; to secure the repayment of which bonds were given by the corporation, secured by mortgages on the property.

The act in question imposes a tax upon the net income of corporations. The second paragraph of section 38 provides as follows:

"Second. Such net income shall be ascertained by deducting from the gross amount of the income of such corporation, joint-stock company or association, or insurance company, received within the year from all sources, (first) all the ordinary and necessary expenses actually paid within the year out of income in the maintenance and operation of its business and properties, including all charges such as rentals or franchise payments, required to be made as a condition to the continued use or possession of property. ✱ ✱ ✱

"Third. Interest actually paid within the year on its bonded or other indebtedness to an amount of such bonded and other indebtedness not exceeding the paid-up capital stock of such corporation, joint-stock company or association, or insurance company, outstanding at the close of the year, and in the case of a bank, banking association or trust company, all interest actually paid by it within the year on deposits."

In computing the tax due from the plaintiff, the assessor deducted from the gross income the amount of interest on $600, the capital stock, but refused to deduct any further amount for interest paid on the bonded indebtedness. If the entire amount paid by the plaintiff, during the year in question, as interest on its bonded indebtedness, had been deducted from the gross income, no net income would have existed, and no tax could have been levied. The question in the case therefore is whether, in computing the tax, the entire amount of interest paid on bonded indebtedness should be deducted.

It is obvious that the provision of the statute marked "third," above quoted, is a sufficient authority for the action of the assessor, if the other provisions of the statute and the general purpose of this legislation are not to be considered. The provision marked "third" provides specifically for the amount of interest paid on bonded indebtedness which is to be deducted in ascertaining the net income, and the claim that that provision of the statute is decisive of the case is very weighty. But the object of this statute was to impose a tax upon the net income of corporations. "Net income," of course, means gross income after deducting all outgo necessarily incident to the business. The proof in this case shows clearly that the plaintiff had no net income. It was doing business at a loss. A computation of its net income by a method which did not include as an item to be deducted the interest it was paying on its mortgages was an absurdity; and I think that the provision of the statute above quoted marked "third" may be deemed in this case modified by the provisions of the statute marked "second." The interest paid on the mortgages was one of "the ordinary and necessary expenses actually paid within the year out of income in the maintenance and operation of its business and properties," and it was a charge "such as rentals or franchise payments, required to be made as a condition to the continued use or possession of property." If the interest on the mortgages had not been paid, the mortgages would have been foreclosed, the property sold, and the continued use and possession of the property and the entire business of the corporation terminated. Such a corporation as the plaintiff differs radically from most other corporations. The ownership of real estate by a corporation is usually a mere incident to the main business

of the corporation; but in such a corporation as the plaintiff the ownership and use of the real estate is usually the sole business of the corporation. In this case the capital stock was only $600, while its bonded indebtedness was nearly $5,000,000. Its sole property was real estate, which it has purchased on money borrowed on mortgage, and its sole business was the renting of such real estate. No method of computing its net income which did not include, among the items to be deducted from gross income, the amounts paid for interest on its mortgages, could bring out a correct result.

[2] The general rule in reference to statutes imposing taxes is that they are to be strictly construed against the government, and in case of any doubt as to their meaning they are to be given a liberal construction in favor of those subjected to taxation.

In view of this general rule, the peculiar character of this corporation, the gross injustice of imposing a tax on this defendant on the ground that it had a net income, when in fact it had not, and all the provisions of the statute, my conclusion is, notwithstanding the general rule in respect to the deduction of interest on bonded indebtedness contained in the provision of the statute marked "third," that the tax exacted in this case was unauthorized, and that there should be a decree for the plaintiff.